COLE, Judge.
The issues in this workers’ compensation ease are whether or not the plaintiff proved a work-related accident aggravated his preexisting condition and whether or not he is partially disabled.
Plaintiff, T. Edward Spillman, was employed as an “associate” at the animal science department of Louisiana State University for thirty years. Over the course of his employment he received numerous injuries from working with horses and cows. Several of these accidents caused him pain on the left side of his neck. In addition to these work-related injuries he also injured *18 his neck when involved in automobile accidents in 1969 and again in 1981. The injury of which he complains in this suit occurred in January of 1977. A horse “rared up” and the horse's head made contact with Mr. Spillman’s head. As a result Mr. Spillman suffered pain in his neck, had headaches and complained of dizziness. He admits the symptoms were the same as those he had suffered in previous accidents. He worked for several weeks and then discontinued work for the next 121 weeks. During this time he received workers’ compensation in the amount of $95 a week and endorsed those checks to his employer, L.S.U. In return, L.S.U. continued to pay him his regular salary based on a substantial amount of accumulated leave. On June 30, 1980, Mr. Spillman retired from L.S.U. and as of this date the insurer ceased payments of the workers’ compensation.
Plaintiff then filed suit against Niagara Fire Insurance, L.S.U.’s insurer, alleging he was permanently and totally disabled (or alternatively, partially disabled), and was therefore entitled to the workers’ compensation benefits. After trial on the merits the trial court rendered judgment against plaintiff and in favor of the insurer, finding plaintiff had not proved by a preponderance of the evidence any disability nor did he prove his pain had been caused or aggravated by the work-related incident.
We have examined the record and conclude plaintiff is not entitled to workers’ compensation because, assuming arguendo, his neck problems were aggravated by the 1977 accident, he has failed to prove he is in fact disabled. Plaintiff alleges he is unable to work around the horses because of the pain, the restriction of motion, the lack of “alertness” and the fear of reinjury.
Dr. William Fisher, a neurosurgeon, examined Mr. Spillman four times. He could find no objective evidence of damage other than some signs of arthritis in the C5 and C6 spinal spaces. He concluded the pain was caused by “degenerative disc disease” which could possibly have been aggravated by the 1977 accident. After running a series of tests in May of 1978, Dr. Fisher felt that from an objective standpoint Mr. Spill-man should have been able to return to work at that time. Dr. Fisher stated, “On the basis of these several examinations, I could not say that he was unable to perform his usual and ordinary occupation.”
Dr. Thomas Campanella, an orthopedic surgeon, testified he had treated Mr. Spill-man for neck pain on and off since the auto accident in 1969 and quite frequently since the 1977 incident. He concurred generally with Dr. Fisher as to the presence of the arthritic changes and the absence of objective evidence as to the source of the pain. He stated Mr. Spillman’s condition was aggravated to some extent by the 1977 accident. Although Dr. Campanella recommended Mr. Spillman not return to work, he denied Mr. Spillman was unable to return to work. Dr. Campanula's concern was that Mr. Spillman would receive another injury which would further aggravate his existing problems.
Dr. Campanella responded to questions of plaintiff’s counsel as follows:
“Q. And it’s this aggravated condition which presently causes him to be unable to go back to work with the horses; is that correct?
A. No, sir.
Q. What is it?
A. No, I just don’t want him to go back to work on horses.
Q. I see.
A. —because of his repeated injuries.
Q. All right.
A. I figure the man should have learned his lesson, you know, with all of these fractures that he had from those horses.”
At another point in the deposition Dr. Campanella expanded upon his recommendation Mr. Spillman not return to work around the horses.
“Off and on, you know, he had a lot of injuries around those horses, and I felt it was bad for him, but I felt that he could do some work and he ought to try to do some work.”
*19 Dr. Campanella noted he had first advised Mr. Spillman to discontinue work around the horses back in the 1960’s due to the frequent injuries.
Plaintiff admitted he was able to do rather strenuous chores such as yard work. John Thompson, a private investigator, testified for defendant he had observed Mr. Spillman removing a lawnmower from the trunk of a car. Mr. Spillman then mowed the yard and used his left hand to pull the mower out of a ditch. All of this was done without any signs of discomfort. Photographs of the lawn mowing were introduced at trial.
Based upon the foregoing evidence we conclude plaintiff is not entitled to compensation because he has failed to prove he is partially disabled within the contemplation of La.R.S. 23:1221(3). The judgment of the trial court is affirmed. Plaintiff-appellant is to pay all costs.
AFFIRMED.